UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH DALE BAKER, #642543,

           Plaintiff,

                                    CASE NO. 2:12-CV-10642
v.                               HONORABLE ARTHUR J. TARNOW

ANITA NORONHA,

           Defendants.

_____/

## ORDER DIRECTING PLAINTIFF TO PROVIDE INFORMATION

      Joseph Dale Baker ("Plaintiff"), a Michigan prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed without prepayment of fees and costs for this action pursuant to 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he has been denied proper medical care for a head injury while confined at the Macomb Correctional Facility ("MRF") and the Parnall Correctional Facility ("SMT") and that he has been subject to retaliatory transfer. He names several medical care providers and prison employees, two Jane Does, and Correctional Medical Services/Prison Health Services as the defendants in this action. He sues the defendants in their individual and official capacities and seeks monetary damages and injunctive relief.

      Having reviewed the complaint and given the liberal pleading standard for pro se actions, the Court finds that Plaintiff's claims for the alleged denial of proper medical treatment and retaliatory transfer are not subject to dismissal at this time. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v.*

*Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (deliberate indifference may be established by grossly inadequate medical care); *Siggers–El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005) (retaliatory transfer claim requires showing of foreseeable, negative consequences from transfer that would deter ordinary person from exercising his rights); *Thaddeus–X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). (retaliation claim requires showing that prisoner engaged in protected conduct, that adverse action was taken against him, and causation). Service upon the defendants is therefore appropriate.

Plaintiff, however, has not provided the Court with the names of two Jane Doe defendants or the addresses for any of the defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore,* 10 F. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Accordingly, the Court **ORDERS** Plaintiff to submit the names of the two Jane Doe defendants and the addresses for all of the defendants within **30 DAYS** of the filing date of this order

so that service may be effectuated.  The Court shall provide Plaintiff with one copy of the complaint and attachments to assist him in this endeavor.  This copy should be returned to the Court. Plaintiff's failure to comply with this order may result in dismissal of the complaint and/or dismissal of the unidentified defendants.

**IT IS SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 13, 2012

I hereby certify that a copy of the foregoing document was served upon parites/counsel of record on March 13, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

3