UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BAKER,

    Plaintiff,                                                       Case No. 12-10642

v.                                                               Honorable Arthur J. Tarnow
                                                                      Magistrate Judge Laurie J. Michelson

ANITA NORONHA, *et al*,

    Defendants,
_____/

**REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANT
LAURA ABEL'S MOTION FOR DISMISSAL [53]**

On February 14, 2012, Plaintiff Joseph Dale Baker, a Michigan Department of Corrections ("MDOC") inmate, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied proper medical care for a head injury while first confined at the Macomb Correctional Facility ("MRF") and now at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. (Dkt. 1, Compl.) He also claims that he has been subject to a retaliatory prison transfer. (*Id*.) All pre-trial proceedings have been referred to this Court. (Dkt. 19.) Presently before the Court is a motion to dismiss by MDOC Defendant Laura Abel for Plaintiff's failure to allege any "active unconstitutional behavior" on her part. (Dkt. 53.) Several other MDOC Defendants have brought similar motions which have been granted. (Dkts. 50, 56.) Plaintiff did not oppose the present motion. For the reasons set forth below, the Court RECOMMENDS that the motion be GRANTED.

**I.     BACKGROUND**

Plaintiff Joseph Dale Baker ("Plaintiff") alleges that he blacked out in the MRF restroom on November 2, 2010 and hit his head. (Dkt. 1, Compl. at 4). Plaintiff alleges that he reported his injury (excruciating pain and a lump on the back of his head) to a correctional officer who contacted

health services and advised Plaintiff that he would be seen in a few days. (*Id*.) On November 5, 2010, Plaintiff was seen by Defendant Dr. Anita Noronha ("Noronha") who ordered an x-ray. (*Id*.) Plaintiff alleges that an unidentified x-ray technician told him the x-rays did not look "right" and appeared to show a crack in his skull, but other unidentified medical providers advised Plaintiff that "everything is normal/there is no medical problem." (*Id.* at 4, 6.) According to Plaintiff, he "sought additional medication for pain management due to the problem persisting and even worsening by requesting same through Health Care Requests" and "exhausted all remedies available to him through the Grievance Process, Steps I-III." (*Id*. at 6.) Plaintiff's complaint, however, did not attach any of these referenced kites or grievances. Plaintiff contends that the "lack of care to treat [his] pain, the refusal to provide [him] with sufficient pain management medications[,] and the refusal to provide [him] with the copies of the x-rays that were taken denied [him his] right to receive adequate medical care." (*Id.* at 4.)

On July 6, 2012, Plaintiff filed a Motion to Amend his complaint. (Dkt. 22.) This motion attached the medical kites and grievance documents referenced in Plaintiff's complaint. (*Id*. at Exs. A-J.) These documents include (1) a kite response from Dr. Noronha on November 23, 2010 stating that the x-ray of Plaintiff's head and skull was normal and that she ordered Motrin on his behalf (*id*. at Pg ID 166), (2) an April 7, 2011 Step II grievance response from Defendant Laura Kinder explaining that Plaintiff's November 4, 2010 x-ray yielded normal results and that a January 14, 2011, medical appointment and examination for complaints of headaches, which included review of the radiology report, revealed that no further work up was needed (*id*. at Pg ID 184), and (3) the radiology report from Plaintiff's November 4, 2010, x-ray wherein the radiologist determined that Plaintiff's x-ray was "normal" with no abnormalities (*id*. at Pg ID 192). This Court denied the

motion to amend because it reasserted the same facts that formed the basis of the original complaint, with a little more documentary detail, and the Court was unable to discern any new allegations, counts, or parties that Plaintiff was seeking to add. (Dkt. 32.)

On February 26, 2013, Defendant Laura Abel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 53.) While not mentioned in the complaint, Defendant's motion explains that, prior to her retirement, she was the Medical Records Examiner for the Jackson Central Region. (Mot. to Dismiss at 1.) Plaintiff's "List of Defendants" identifies Abel as "Health Information Manager @ MRF/Denied Copies of X-rays." (Compl. at Pg ID 2.) Ms. Abel seeks dismissal as a matter of law because other than this bare reference to her in his List of Defendants, "[Plaintiff's] Complaint contains no allegations against her." (*Id.* at 1.) Plaintiff did not file a response to Abel's motion.

## II. ANALYSIS

### A. Legal Standard

Under Rule 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard does not require a plaintiff to plead facts showing that liability is probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, a plaintiff has failed to "nudge[]" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 557.

### B.  Plaintiff's Complaint Fails To State A Claim

Plaintiff's Complaint contains a "List of Defendants" naming 13 individuals and entities. (Compl. at Pg ID 2.) As mentioned, it identifies Abel as the "Health Information Manager @ MRF/Denied Copies of X-rays." (*Id.*) Beyond this name-title listing, there is no other reference to Abel in the Complaint. There are no substantive allegations that discuss or even describe her alleged denial of x-ray copies. Given the absence of any specific factual allegations against her, Abel contends she should be dismissed. (Mot. to Dismiss at 1.) The Court agrees.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Indeed, "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed , even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). The Sixth Circuit law is in accord:

> Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421 [published in full-text format at 2000 U.S. App. LEXIS 30782], 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.") . . . .

*Cameron v. Howes*, No. 10-539, 2010 U.S. Dist. LEXIS 102122, at *17-18 (W.D. Mich. Sept. 28, 2012).

In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's allegations do not even mention Abel, let alone that she engaged in any active unconstitutional behavior. This conclusion is not altered by Plaintiff's lone reference to Abel denying copies of x-rays. Plaintiff has presented no argument that being denied copies of his x-rays violated a constitutional right.

### III.   CONCLUSION

Accordingly, Plaintiff fails to state a claim against Defendant Laura Abel and her unopposed motion to dismiss (Dkt. 53) should be granted.

### IV.   FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 24, 2013.

                                            s/Jane Johnson
                                            Deputy Clerk