UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BAKER,

    Plaintiff,                                     Case No. 12-10642

v.                                           Honorable Arthur J. Tarnow
                                                Magistrate Judge Laurie J. Michelson

ANITA NORONHA, *et al*,

    Defendants,
_____/

**REPORT AND RECOMMENDATION TO DISMISS THE
UNIDENTIFIED AND UNSERVED DEFENDANTS**

On February 14, 2012, Plaintiff Joseph Dale Baker, a Michigan Department of Corrections ("MDOC") inmate, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied proper medical care for a head injury while first confined at the Macomb Correctional Facility ("MRF") and now at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. (Dkt. 1, Compl.) More specifically, Plaintiff alleged that he blacked out in the MRF restroom on November 2, 2010 and hit his head. (Dkt. 1, Compl. at 4.) Most of the defendants have been dismissed on dispositive motions. Three remain: Lyle S. Mindlin, "Jane Doe A" and "Jane Doe B." On June 19, 2013, the Court issued an Order directing Plaintiff to provide the correct address for Mindlin and the correct names, titles, and addresses for the Jane Doe Defendants by July 19, 2013. (Dkt. 58.) Plaintiff did not respond.

The Federal Rules provide that where, as here, a plaintiff proceeds in forma pauperis, "the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each defendant." *Kaufman v. Corizon Health, Inc.*, No. 12-10162, 2012 WL 5830229, at *1 (E.D. Mich. Oct. 31, 2012) (citing Fed. R. Civ. P. 4(c)(3)), *report and recommendation adopted*, 2012 WL 5830298 (E.D. Mich. Nov. 16, 2012). While the Court Clerk and the U.S. Marshals Service are

obligated to arrange for service of process, it is the plaintiff's responsibility to provide proper addresses to serve the defendants. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *see also Herbert v. Roark*, No. 05-74754-DT, 2006 WL 1284695, at *1 (E.D. Mich. May 9, 2006) ("In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service."). The docket reflects that, despite several efforts, the Marshals Service has been unable to serve Lyle Mindlin because "MDOC has no record of this person." (Oct. 3, 2012 Docket Entry; Dec. 5, 2012 Docket Entry.) Moreover, without proper names or titles of the Jane Doe Defendants they could not be served either.

Plaintiff's time to provide the requested information has now expired and no addresses or names have been provided. *See Kaufman*, 2012 WL 5830229, at *1 ("Once a plaintiff has been notified that all attempts at service have been unsuccessful and the plaintiff does not present a new or updated address, '[n]either his pro se status nor his incarceration constitute good cause for the lack of service.'" (quoting *Davis v. Macconnell*, No. 3:11cv00090, 2011 WL 5326256, at *3 (S.D. Ohio Sept. 16, 2011))); *see also* Fed. R. Civ. P. 4(m) (explaining that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice on notice to the plaintiff or order that service be made within a specified period of time).

Accordingly, the Court **RECOMMENDS** that Defendants Lyle S. Mindlin, Jane Doe A, and Jane Doe B be **DISMISSED WITHOUT PREJUDICE**.

**FILING OBJECTIONS TO THIS REPORT**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES MAGISTRATE JUDGE

Dated:  March 14, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 14, 2014.

        s/Jane Johnson
        Deputy Clerk